UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA FAIRFIELD and MATTHEW MACHUCA,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | No. 2:18-cv-01921 JAM AC<br><br><br>ORDER |

Pending before the court is plaintiffs' motion to compel. ECF No. 28. The motion is currently set for hearing on November 13, 2019 before the undersigned. This discovery matter was referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1).

The noticed motion purports to incorporate the issues and arguments presented in two joint statements, previously docketed at ECF No. 16 (joint statement regarding entry of protective order) and ECF No. 20 (joint statement regarding motion to compel RFP responses). ECF No. 28. The matter presented in the joint statement at ECF No. 16 has been resolved by stipulation and entry of a stipulated protective order. ECF No. 22, 25. Only the issues presented in the joint statement at ECF No. 20 (motion to compel) remain at issue. Discovery in this matter closes April 24, 2020. ECF No. 24.

////

1

| 1 | Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to
| 2 | Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet
| 3 | and confer and file a joint discovery statement.  The undersigned's standing orders, located on the
| 4 | Eastern District of California's website, specify that absent leave of court, joint statements are
| 5 | limited to 25 pages, exclusive of exhibits and tables, if any.  Here, the joint statement at ECF No.
| 6 | 20 is problematic for two reasons.  First, at 48 pages, it exceeds the page limit.  Second, defendant
| 7 | repeatedly states throughout the brief that it is willing to supplement production and that meet and
| 8 | confer is not complete.  Defendant's response to most issues in the brief states that "GM informed
| 9 | plaintiffs that GM would supplement certain discovery responses and Plaintiffs' counsel was
| 10 | advised to review and evaluate the supplemental responses along with the documents GM agreed
| 11 | to produce to determine if there are any outstanding issues remaining . . . it is unreasonable to
| 12 | burden the court and parties with the numerous issues raised by plaintiff when the meet and
| 13 | confer process has not been completed."  ECF No. 20 at 3.

Because plaintiffs, the movants, did not satisfy Local Rule 251(b)'s meet and confer requirement, the motion to compel discovery will be denied without prejudice.  See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).  Pursuant to the standing order of the undersigned, the parties must confer **in person or via telephone or video conferencing** prior to the filing of any joint statement, in an attempt to resolve the dispute.  The parties are cautioned that any future joint statement must comply with the undersigned's page limits or the document will be rejected.

For the reasons state above, IT IS HEREBY ORDERED that:

1. The November 13, 2019 hearing on plaintiffs 'motion to compel is VACATED; and
2. Plaintiffs' motion to compel, ECF No. 28, is DENIED without prejudice.

IT IS SO ORDERED.

DATE: November 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE